**Miles H. ROBINSON, Appellant,**

v.

**R. W. STEVENS et al., Appellees.**

**No. 15280.**

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1957.

Miles H. Robinson, in pro. per.

Judd D. Kimball, John C. Tuttle, Walla Walla, Wash., for R. W. Stevens and all other appellees except the State of Washington Medical Assn. and the two hospitals.

Wm. Keylor Smith, Walla Walla, Wash., for appellee Sisters of Charity of the House of Providence, a corp., known in this action as St. Mary's Hospital.

Edward L. Rosling, Rosling, Williams, Lanza & Kastner, Seattle, Wash., for appellee Washington State Medical Assn.

Before STEPHENS, Chief Judge, and HEALY and HAMLEY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, a practicing physician at Walla Walla, Washington, was expelled from membership in the local medical society on complaint of the grievance committee of the physicians at Walla Walla. Upon his appeal to the American Medical Association he was ordered reinstated on procedural grounds. He then brought suit for damages against all the physicians who had had any connection with his expulsion and against the local, state, and national medical societies and several hospitals, alleging that they had conspired to injure him and his reputation.

The suit was tried before the court (Judge Driver) sitting without a jury. The trial was extensive, 21 witnesses testifying in person and six by deposition. On the conclusion of the case for the complainant the court found for the defendants on the ground that no showing of bad faith on their part had been made out, and that no conspiracy among them existed as charged by the complainant. Findings of fact and conclusions of law were made, and the judge in an extensive memorandum opinion developed the grounds of his decision. This appeal followed.

On the trial below appellant was represented by counsel; here he has chosen to act as his own attorney. His sole contention is that the trial court erred in finding that the defendants acted in good faith. With this contention we are unable to agree.

The evidence in the case is largely undisputed. In 1950 the local (Walla Walla) medical society organized a grievance committee of three doctors for the purpose of considering complaints from the public and attempting to iron them out. The defendant Stevens was head of this committee and a layman named Fullerton was appointed to serve as secretary. Late in 1950 a complaint was received from one Edwards objecting to a charge of $1.50 made by appellant for advice given Edwards over the telephone. The advice was in consequence of Edwards' informing appellant of his child's having swallowed a quantity of Ex-lax. Apparently there was a misunderstanding between appellant and Edwards in that the latter was expecting that a prescription would be sent him and none was sent. The child suffered no ill effects, but Edwards was incensed at the charge made. Stevens, as representative of the grievance committee, tried to work this diffi-

culty out. He talked with appellant but the latter refused to discuss the matter. Finally a letter was written Edwards by the grievance committee stating in substance that while the charge was unusual it was perfectly proper, and that the committee would recommend in light of the misunderstanding as to the sending of a prescription that Edwards not pay the bill. Upon learning of this communication appellant wrote an angry letter blasting the grievance committee for their action in writing his patient. The letter was very long and, as the court found, was intemperate and unjustified in its charges against the committee. This letter, headed "Dear Doctor," was the first of many of like tenor that were sent by appellant to numerous of the physicians practicing in the area.

Following this, the record indicates that appellant made many attempts to obtain the original of the letter which had been written to Edwards by the local committee. With this purpose in mind he contacted Edwards and members of his family, and these activities led to the so-called "Brooks' complaint" which formed the basis of appellant's expulsion from the local society. Brooks was the father of Mrs. Edwards, and he and his wife were patients of appellant. Brooks complained to the local medical society that appellant told him that he (Brooks) had syphilis and that unless he got for appellant the original of the letter sent Edwards by the local grievance committee he (appellant) would inform Brooks' family of the disease and would turn Brooks' case over to the public authorities.

The trustees of the local medical society heard Brooks' complaint (appellant being present at the hearing), and subsequently decided to submit the charge to the state grievance committee. The latter committee had a hearing to which appellant was invited but which he declined to attend. The hearing resulted in appellant's being found guilty of unethical practice, and the committee recommended his suspension from the local society for a period of six months. The recommendation was approved by the state medical society.

Later the trustees of the local society considered the Brooks' complaint and found appellant guilty of unethical practice. Still later the local society held a meeting at which appellant was present and at which he pleaded his own defense, and the society voted to expel him. Thereupon appellant took an appeal to the judicial council of the American Medical Association,[1] and, as already indicated, that body reversed the local society on procedural grounds. Appellant was thereupon reinstated in the local society.

Had appellant's expulsion been actuated through malice or bad faith on the part of the local body of doctors acting in concert he would have been entitled to a judgment in damages. However, the trial court found that the local group acted in good faith, and we see no error in the finding. Under the law of the State of Washington, a civil conspiracy must be proved by clear, cogent and convincing evidence. Cheesman v. Sathre, 45 Wash.2d 193, 273 P.2d 500. As stated in Harrington v. Richeson, 40 Wash.2d 557, at page 573, 245 P.2d 191, at page 199, "Where the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient."

Affirmed.

1. The American Medical Association was originally included as a party defendant, but was dismissed as such prior to the trial on the ground that it did no business in the State of Washington.